# JOHN J. MCMAHON, ESQ.

## LAW OFFICE

80 MAIN STREET, SUITE 580,
WEST ORANGE, NJ 07052
jmc@jjmcmahonlaw.com
(T) (973) 761-2210
(F) (973) 761-2075

January 22, 2024

Hon. Julien Xavier Neals, U.S.D.J.
Martin Luther King Bldg & U.S. Courthouse
50 Walnut Street
Courtroom: MLK 5D
Newark, NJ  07101

> Re:    United States of America v. Jessie Tullies
>        Civil No. 23-3378 (JXN)
>        Criminal No. 18-21 (KM)

Hon. Judge Neals  :

Petitioner Jessie Tullies requests that this Court accept this letter in lieu of a more formal reply to the government's answer to his motion pursuant to 28 U.S.C. § 2255.

## REQUEST FOR AN EVIDENTIARY HEARING

Petitioner Tullies continues to rely on the arguments contained in his brief in support of this application pursuant to 28 U.S.C. § 2255, and he will not repeat those legal arguments here. He notes, however, that as part of that application he specifically requested an evidentiary hearing. In light of the government's response that none of the grounds for relief presented by Mr. Tullies warrant such hearing, he reiterates that request herein.

Mr. Tullies understands that his petition can be denied without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court may also deny a petition without a hearing where the petition is devoid of factual allegations and contains solely legal conclusions. *Sanders v. United States*, 373 U.S. 1, 19 (1963). But in this case, at the very least testimony from defense counsel and perhaps a representative from Jesse Tullies's cellphone carrier is required. Petitioner again respectfully requests the opportunity to call witnesses at a hearing.

As is typical in a § 2255 matter, petitioner Tullies calls into question much of the conduct of his trial attorney. He asserts that he received ineffective assistance of counsel. In response, the government posits that many of petitioner's complaints can be brushed aside in the name of "trial strategy."

For instance, in **Ground 1** it is argued that defense counsel doomed the defense by calling Dina Blackwell to the witness stand. Before Blackwell testified the defense had called the drug buyer, John Potts, as a witness. Potts testified that he did buy the drugs on the day in question, but that neither of the defendants on trial were the sellers. On cross-examination the government asked Potts about the contact that he had had with Dina Blackwell (defendant Tullies's fiancé) before trial. Potts said that he saw Blackwell at one of his court appearances. Insinuating that Blackwell unduly influenced Potts's testimony, the United States Attorney said: "you didn't tell anyone on the planet that these defendants didn't sell you the drugs until after you spoke to Mr. Tullies' friend; is that right?" Potts answered, "Yeah." (Tr. 474) However, on redirect Potts again stated that he was "100 percent sure" that the defendants on trial had not sold the drugs to him. (Tr. 479)

In his petition, Tullies argued that the trial testimony should have ended there. The jury should have decided the case based on all of the evidence presented to that point. But instead, trial counsel provided ineffective assistance of counsel to defendant Tullies by calling Dina Blackwell to the stand as the final witness. As explained in detail in the petition, Blackwell's testimony was of very negligible benefit to the defense while it provided the government access to a mountain of evidence stemming from hundreds of

recorded phone conversations she had had with defendant. (Pet. 15-19) It is undeniable that those phone calls were utilized by the government to paint defendant as a drug dealer who had his fiancé manipulate Potts into testifying on behalf of the defense – that was part of the government's theory of the case.

In response, the government opines that "Tullies has not overcome the strong presumption that Murphy's decision to call Blackell or to not call the investigator was within sound trial strategy." (Answer 15)  On the contrary, it has been explained in the petition how devastating Blackwell's testimony was to the defense. This Court is urged to provide the parties with an evidentiary hearing so that the government's theory about "sound trial strategy" may be put to the test. The Court should hear from trial counsel about the purported soundness of his so-called trial strategy. Faced with these competing arguments this Court has the ability to determine where the facts lie by granting the request for an evidentiary hearing.

Additionally, the need for an evidentiary hearing is clear regarding **Ground 4**, wherein it was argued that defense counsel's clearly erroneous view of the law and trial practice resulted in ineffective assistance of counsel when he failed to use defendant's phone records to dispute the claims of the law-enforcement witnesses. (Pet. 29-31)  Trial counsel clearly stated that he did not use defendant's phone records to show the jury that defendant was not

where the government witnesses said he was at the critical time of the events at bar because he "was of the opinion that [Tullies] would need to testify as to the calls." (Pet. 30; Defense Motion Appendix 7) Trial counsel was simply wrong in his assessment that his client would have to testify in order for the jury to receive evidence that he himself had concluded would indicate that Tullies made an outgoing phone call when he was supposedly in custody.

In response, the government did not dispute that trial counsel was legally mistaken regarding his understanding of how evidence of defendant's phone calls could be admitted into evidence. Rather, the government contends that Tullies has not shown that the introduction of his phone records would have led to a different result in the trial. (Answer 18) In other words, the government suggests that any error with respect to this issue was harmless.

This Court is again urged to grant the defense request for an evidentiary hearing so that this issue can be thoroughly presented and justly decided. The defense seeks the ability to present a custodian of records from the carrier to testify at a hearing and to explain how certified phone records could have been presented to the jury. That is what trial counsel should have done. Now this Court should permit current defense counsel to present that evidence so that it can properly weigh whether that testimony would have in fact led to a different result at trial.

## CONCLUSION

For the reasons expressed above defendant-petitioner Jesse Tullies urges this Court to grant his request for an evidentiary hearing and ultimately grant his petition pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

John J. McMahon, Esq.
Attorney ID# 038111989
Attorney for Defendant-Petitioner