**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JESSIE TULLIES,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Civil Action No. 23-3378 (JXN)<br><br>**OPINION & ORDER** |

**NEALS**, District Judge

Before the Court is *pro se* Petitioner Jessie Tullies' ("Petitioner") motion for leave to appeal *in forma pauperis* ("IFP") pursuant to Federal Rule of Appellate Procedure[1] 24(a) and 28 U.S.C. § 1915(a)(1). (ECF No. 16.) The Court has carefully considered Petitioner's motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[2] 78 and Local Civil Rule 78.1. For the reasons set forth below, Petitioner's motion for leave to appeal IFP is **DENIED**.

## I. BACKGROUND

The Court briefly recounts the facts and procedural history detailed in its December 15, 2025 Opinion. (*See* Op., ECF No. 11.) On June 8, 2019, a jury convicted Petitioner of (1) conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846; (2) distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (3) distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (4) illegal possession of firearms by a convicted

[1] "Appellate Rule" or "Appellate Rules" hereinafter refer to the Federal Rules of Appellate Procedure.

[2] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

felon, in violation of 18 U.S.C. § 922(g)(1); and (5) using and carrying firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 942(c)(1)(A). (*See id.* at 1–2.)

Judge Kevin McNulty, U.S.D.J. (ret.) sentenced Petitioner to an aggregate term of 235 months imprisonment on August 19, 2019. (*Id.* at 6.) Petitioner appealed his conviction (*id.*), and the Third Circuit affirmed in February 2022, *United States v. Tullies*, No. 19-2957, 2022 WL 413945 (3d Cir. Feb. 10, 2022.)

On May 2, 2023, Petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (*See* Mot. to Vacate, ECF No. 1.) The motion raised five claims of ineffective assistance of trial counsel James R. Murphy, Esq. ("Counsel"), and one claim that the cumulative effect of Counsel's errors established prejudice. (*Id.*) Respondent United States of America ("Government") opposed (Gov't Opp'n, ECF No. 9) and Petitioner replied (Pet. Reply, ECF No. 10).

On December 15, 2025, this Court denied Petitioner's motion to vacate. (*See* Op.) The Court concluded none of Petitioner's claims amounted to ineffective assistance of counsel. (*See id.*) First, Counsel's decision to call Petitioner's fiancée "could be considered sound trial strategy," and, in any event, Petitioner failed to show prejudice. (*Id.* at 8–23.) Second, Counsel's failure to call the defense investigator as a witness was not ineffective because (a) Petitioner did not identify what the investigator would have said, and (b) the investigator's testimony would be of limited evidential value. (*Id.* at 23–24.) Third, Counsel's failure to object to the Government's expert testimony was not ineffective because the expert's testimony was admissible. (*Id.* at 24–27.) Fourth, Petitioner did not show Counsel's failure to introduce phone records prejudiced Petitioner. (*Id.* at 27–29.) Fifth, Petitioner's assertion that Counsel did not review *Jencks*[3] materials lacked

[3] *Jencks v. United States*, 353 U.S. 657 (1957).

support in the record, did not reflect ineffective assistance of counsel, and did not reflect prejudice. (*Id.* at 29–31.) Finally, the Court held the asserted errors did not cumulatively prejudice Petitioner. (*Id.* at 31.) And, because Petitioner did not make a substantial showing that his constitutional rights were violated, the Court denied him a certificate of appealability. (*Id.* at 31–32.)

Petitioner filed a Notice of Appeal on January 20, 2026, but did not pay the filing fee or move for leave to proceed IFP. (*See* Notice of Appeal, ECF No. 13.) On February 10, 2026, Petitioner re-filed a Notice of Appeal (*see* Second Notice of Appeal, ECF No. 15), and moved for leave to appeal IFP (*see* IFP Mot., ECF No. 16). Petitioner's motion consists of a short form application to proceed IFP in the District Court. (*See id.*)

## II. LEGAL STANDARD

Appellate Rule 24 governs IFP appeals. Generally, "a party to a district-court action who desires to appeal [IFP] must file a motion in the district court." Fed. R. App. P. 24(a)(1).[4] The motion must include an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). "If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2).

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(b)(3). The Court uses an objective standard to measure good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A party appeals in good faith when he

[4] The Appellate Rules contain an exception for a party who was previously permitted to proceed IFP. Fed. R. App. P. 24(a)(3). Here, that exception does not apply because the Court has not, at any point, allowed Plaintiff to proceed IFP.

or she "seeks appellate review of any issue not frivolous." *Id.* Conversely, an appeal of a frivolous issue "is not taken in good faith." *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 455 n.6 (3d Cir. 1996) (quoting *Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.4 (3d Cir. 1990)). "An appeal is frivolous where none of the legal points is arguable on its merits." *Muhammad El Ali v. Vitti*, 218 F. App'x 161, 163 (3d Cir. 2007). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.").

## III. <u>DISCUSSION</u>

Petitioner's motion does not comply with Appellate Rule 24's procedural requirements. Petitioner filed the incorrect financial affidavit,[5] did not claim an "entitlement to redress," and failed to state the issues he "intends to present on appeal." (*See* IFP Mot.) Accordingly, the Court cannot determine whether Petitioner is eligible for IFP status, or that Petitioner's appeal is non-frivolous. So, the Court **denies** Petitioner's motion for leave to appeal IFP. *See Taylor v. AM Retail Grp.*, No. 20-3158, 2026 WL 2137934, at *2 (D.N.J. July 24, 2026) (denying leave to appeal IFP where appellant filed wrong form, did not claim entitlement to redress, and did not state issues for appeal); *Livingston v. Gallina*, No. 24-8862, 2025 WL 332273, at *1 (D.N.J. Jan. 29, 2025) (same); *Karupaiyan v. Singh*, No. 21-15996, 2022 WL 6673683, at *2 (D.N.J. Jan. 13, 2022) (same).

[5] Appellate Rule 24(a)(1)(A) requires the moving party to show "in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs." Plaintiff instead provided the long form IFP application used for proceeding before the District Court. (IFP Mot.)

## IV. CONCLUSION

For the foregoing reasons, **IT IS** on this **14th** day of September 2026

**ORDERED** that Petitioner's motion for leave to appeal IFP (ECF No. 16) is **DENIED**.

**DATED: 9/14/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**